**Jose Gonzalez–Rivera, Appellant.**

No. 00–3864.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 8, 2002.

Memorandum Opinion filed Feb. 26, 2002.

**UNITED STATES of America,**

v.

**Jose GONZALEZ–RIVERA a/k/a "Tosti", Aberto Otero.**

Before SLOVITER, and AMBRO, Circuit Judges, and SHADUR,* District Judge.

## MEMORANDUM OPINION

AMBRO, Circuit Judge.

Jose Gonzalez–Rivera distributed cocaine to a drug network operating in the Philadelphia region. The District Court convicted him of conspiring to distribute cocaine in violation of 21 U.S.C. § 846, operating a continuing criminal enterprise in violation of 21 U.S.C. § 848, possession of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), and using a communication device to facilitate a felony drug offense in violation of 21 U.S.C. § 843. His original appellate counsel filed a motion to withdraw from the case pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After Gonzalez–Rivera retained new counsel, however, we granted leave to vacate the *Anders* motion and he proceeded with this appeal. This is the second time we consider this case. In 1994, we remanded it for resentencing in a published opinion. *United States v. Quintero,* 38 F.3d 1317 (3d Cir.1994).

Gonzalez–Rivera contends on appeal that his indictment failed to state the elements of a continuing criminal enterprise ("CCE") violation, that sufficient evidence did not support the jury's findings on those elements, and that he did not have the opportunity to read and discuss the presentence investigation report with his attorney prior to sentencing. We find no

merit to these arguments and affirm his conviction and sentence.

## I.

We do not have jurisdiction to review Gonzalez–Rivera's attack on the validity of his indictment. Our remand in *Quintero* was only for resentencing as a result of an evidentiary ruling. 38 F.3d at 1347–48. Accordingly, we are limited in this second appeal only to considering the validity of that resentencing.

## II.

Gonzalez–Rivera argues that the evidence was not sufficient to support the jury's verdict. This Court already rejected that claim in the first appeal of this case, *Quintero,* 38 F.3d at 1321 n. 2 (3d Cir.1994), and we will not revisit it. We disagree with Gonzalez–Rivera that intervening Supreme Court decisions, including *Richardson v. United States,* 526 U.S. 813, 830–31, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), call into question our previous holding on this issue.

## III.

Finally, Gonzalez–Rivera contends that the District Court erred in sentencing him because the Court did not provide him an opportunity to read the presentence investigation report and discuss it with his attorney. Because Gonzalez–Rivera did not object to the District Court proceeding with sentencing after he stated that he had not read the report, we review for plain error. See *United States v. Stevens,* 223 F.3d 239, 242 (3d Cir.2000). Gonzalez–Rivera's claim does not survive a plain error review because he has not shown any prejudice resulting from the error. His

* Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

contention that there is a "theoretical possibility" that the error affected his sentence falls short of the actual requirement that he show at least a "reasonable likelihood" of prejudice. *Id.* at 244. Moreover, the presentence investigation report that Gonzalez–Rivera contends he did not have the opportunity to read is the same one that he did read at his original sentencing.

\* \* \* \* \* \*

Gonzalez–Rivera cannot establish errors in his indictment, trial, or sentencing that would warrant reversal. For the reasons given, we affirm the District Court's judgment.