

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-15-2007

# USA v. Gonzalez-Rivera #

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3170

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Gonzalez-Rivera #" (2007). *2007 Decisions*. Paper 1622.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1622

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 04-3170

———

UNITED STATES OF AMERICA

v.

JOSE GONZALEZ-RIVERA,
                    Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 92-cr-00055)
District Judge: Honorable James T. Giles

———

Argued January 19, 2007

Before: SLOVITER, RENDELL, and CUDAHY,* Circuit Judges

(Filed: February 15, 2007)

———

Peter A. Levin   (Argued)
Philadelphia, PA l9l30

          Attorney for Appellant

_____

          *  Hon. Richard D. Cudahy, United States Senior Circuit
Judge for the United States Court of Appeals for the Seventh
Circuit, sitting by designation.

Michael A. Schwartz (Argued)
Office of United States Attorney
Philadelphia, PA 19106

Attorney for Appellee

OPINION

SLOVITER, <u>Circuit Judge</u>.

The primary issue in this appeal is whether trial counsel was ineffective for not

pursuing a plea agreement notwithstanding the fact that defendant maintained his claim of

innocence. For the reasons stated herein, we affirm the decision of the District Court

rejecting the claim of ineffective assistance of counsel.

**I.**

On February 7, 1992, a federal grand jury sitting in Philadelphia returned an

indictment charging appellant/defendant Jose Gonzalez-Rivera with conspiracy to

distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846 (Count I);

continuing criminal enterprise in violation of 21 U.S.C. § 848 (Count II); possession with

intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §

841(a)(1) and aiding and abetting in a crime against the United States in violation of 18

U.S.C. § 2 (Counts V and VI); and use of a communication facility to facilitate a drug

felony in violation of 21 U.S.C. § 843(b) (Count VIII).

After a five-week trial, a jury convicted Gonzalez-Rivera of all charges, and the

District Court sentenced him to life imprisonment. Gonzalez-Rivera appealed his conviction and sentence, challenging, among other things, the District Court's refusal to suppress certain tape recordings of telephone conversations obtained by the FBI pursuant to court order. Although we concluded that one month of the three months of tape recordings should have been suppressed due to the Government's failure to offer a satisfactory answer for its delay in sealing the tapes, we affirmed Gonzalez-Rivera's convictions on all counts because they were not based directly on conversations contained on the tape at issue. We remanded the case to the District Court to consider whether, in calculating the sentencing guidelines and determining the appropriate sentence, there was any significance attached to the suppressed tapes.

Due to the death of the District Judge who tried the case, the case was reassigned to another District Judge from the same district. After a year, the case was again transferred to yet another District Judge who vacated Gonzalez-Rivera's life sentence after finding that the amount of cocaine for which Gonzalez-Rivera was responsible was 146 kilograms, less than the 150 kilograms found during the original sentencing hearing. As a result of the change, the guideline range was reduced to 360 months to life. The District Court then sentenced Gonzalez-Rivera to 36 years' imprisonment. On appeal, this court affirmed the sentence and conviction.

Gonzalez-Rivera thereafter filed an application for habeas corpus relief pursuant to 28 U.S.C. § 2255. The District Court refused to grant Gonzalez-Rivera an evidentiary

3

hearing on his habeas petition and dismissed the case on the ground that the petition was legally frivolous.[1]  The District Court also declined to grant a certificate of appealability, but this court granted such a certificate on appeal from that order.  Gonzalez-Rivera now appeals from the District Court's denial of his habeas petition pursuant to our certificate of appealability "with respect to the appellant's claim that counsel was ineffective for failing to pursue a plea agreement."  App. at 23.  We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291, 2253, and 2255.

## II.

Gonzalez-Rivera argues that the District Court improperly concluded that his trial counsel was not ineffective for failing to pursue a plea agreement.  A claim for ineffective assistance of counsel is reviewed pursuant to the two-pronged standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).  First, a defendant must show that counsel's performance was deficient and "fell below an objective standard of reasonableness."  Medina v. Diguglielmo, 461 F.3d 417, 427-28 (3d Cir. 2006) (quoting Strickland, 466 U.S. at 687-88).  Second, the defendant must establish that counsel's deficient performance prejudiced his defense.  Id. at 428.  A defendant may establish prejudice by demonstrating "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A

---

[1] In his appellate brief, Gonzalez-Rivera does not argue that the District Court erred in denying his request for an evidentiary hearing, and thus we do not consider that issue.

4

reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Id. (quoting Strickland, 466 U.S. at 694). Counsel, however, "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.

In support of his position, Gonzalez-Rivera relies primarily on a decision of one district court from this circuit, United States v. Turchi, 645 F. Supp. 558 (E.D. Pa. 1986). Turchi, however, does not support the claim of Gonzalez-Rivera. In Turchi, the defendant maintained his innocence and denied involvement in any of the crimes charged in the indictment. Id. at 567. Defendant's attorney "believed that the government's chief witness . . . was not telling the truth, that [counsel] would be able to demonstrate this, that the jury would find [the witness] incredible and believe that it was instead he who had committed the arsons, and that the government's case was weak and would be unsuccessful." Id. at 568. The Turchi court rejected the claim of ineffective assistance of counsel, explaining that "[a]n attorney is not obligated to initiate plea discussions with the government in every case." Id. at 567. The court concluded that counsel's "pursuit of a common defense and failure to recommend a guilty plea was professionally reasonable at the time and is entitled to deference." Id. at 568.

The argument that Gonzalez-Rivera makes based on Turchi is oblique, to say the least. He recognizes that in Turchi defense counsel believed his client was innocent and that the Government's evidence could be discredited at trial, but nonetheless the court

found that counsel was not ineffective in failing to initiate a plea agreement discussion. Gonzalez-Rivera argues that, in contrast, his counsel has not represented that he believed Gonzalez-Rivera was innocent, and his counsel has not suggested that the Government's evidence, although inconsistent, was as weak as that in Turchi. From these distinguishing facts, he argues that his counsel should have initiated plea agreement discussions with the Government. We are not persuaded.

Gonzalez-Rivera's attorney averred that he believes that he counseled Gonzalez-Rivera – as he does habitually with all his clients – that he had the option of a guilty plea without cooperation, a guilty plea with cooperation, or a trial. Cf. United States v. Booth, 432 F.3d 542, 550 (3d Cir. 2005) (concluding that district court erred in denying defendant's habeas petition without holding an evidentiary hearing where defendant had "raised sufficient allegations that his trial counsel deprived him of the opportunity to make a reasonably informed decision regarding whether to change his plea or proceed to trial because his trial counsel failed to inform him that he could enter an open plea"). In counsel's affidavit, he explained that he did not initiate plea negotiations with the Government in this case because Gonzalez-Rivera "stated that he was innocent and wanted to proceed to trial." App. at 33. Based on counsel's statement, the District Court concluded that counsel had no option but to proceed to trial because the initiation of plea discussions not authorized by a client maintaining his innocence would have been fruitless. We agree. Accordingly, we find that counsel's decision not to pursue a plea

agreement in this case did not fall below an objective standard of reasonableness under Strickland.

Assuming arguendo that Gonzalez-Rivera's counsel was deficient, Gonzalez-Rivera has nevertheless failed to demonstrate that prejudice resulted. In Booth, 432 F.3d at 543, the Government indicted defendant on two counts. Prior to trial, the Government and the defendant's trial counsel entered into plea negotiations. Id. at 544. The plea negotiations failed, however, because the Government required that defendant proffer information regarding not only his involvement in the crime, but also the involvement of others. Defendant did not want to cooperate against anyone else involved in the crime. Id. The case then proceeded to a jury trial, and defendant was subsequently found guilty as to both counts. Id.

Defendant moved to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that his trial counsel was ineffective for failing to inform him that he could enter an open guilty plea to both counts of the indictment, which likely would have resulted in a three-level reduction for acceptance of responsibility. Id. at 548. The district court denied the motion without holding an evidentiary hearing on the ground that Booth's trial counsel "adequately advised him of the consequences of his plea decisions because he fully informed Booth of all plea negotiations with the Government." Id. at 545. On appeal, this court reversed, concluding, based upon the allegations in defendant's habeas petition, that he "would have truthfully admitted the conduct comprising counts one and two and

7

any additional relevant conduct" and accordingly "would have likely received a three-level reduction for acceptance of responsibility" had he chosen not to proceed to trial. Id. at 548.

The facts of Booth are distinguishable from the facts of this case. Gonzalez-Rivera maintained his innocence throughout these proceedings and therefore was not willing, as was Booth, to plead guilty to the charges against him. The prejudice that resulted to Booth stemmed from his willingness to plead guilty to the charges, coupled with his counsel's failure to inform him that he had an option of pleading open, which would have likely provided him with a three-level reduction for acceptance of responsibility without testifying against others. Gonzalez-Rivera, however, maintained his innocence and his counsel, unlike counsel in Booth, advised him off all three options – a guilty plea without cooperation, a guilty plea with cooperation, or a trial. It was Gonzalez-Rivera's refusal to consider a plea that resulted in his attorney's decision not to initiate plea negotiations with the Government.

Gonzalez-Rivera argues summarily that he would have accepted a plea agreement and that there is a reasonable probability that his sentence would have been more favorable had he pursued a plea agreement. The alleged prejudice that he may have suffered as a result is far too speculative. Gonzalez-Rivera's contention that he would have accepted a guilty plea is belied by the evidence below. Furthermore, in this case, unlike Booth, Gonzalez-Rivera has not pointed to any specific benefit that he would have

8

received for his plea.  Accordingly, because Gonzalez-Rivera has failed to establish that he would have likely received a lower sentence but for his attorney's alleged ineffectiveness, Gonzalez-Rivera has not established prejudice.

## III.

Based on the foregoing, we will affirm the judgment of the District Court.

_____