

Villanova University School of Law

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2009

# Jose Rivera v. Ricardo Martinez

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4108

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Jose Rivera v. Ricardo Martinez" (2009). *2009 Decisions.* Paper 1641.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1641

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-124                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4108
_____

JOSE GONZALEZ RIVERA,
                                        Appellant

v.

RICARDO MARTINEZ, WARDEN;
UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 08-cv-03613)
District Judge:  Honorable James T. Giles

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 5, 2009

Before:  McKEE, FISHER and CHAGARES, Circuit Judges

(Filed: March 30, 2009)
_____

OPINION
_____

PER CURIAM

       Jose Gonzalez Rivera, a federal prisoner, appeals pro se from the District Court's

dismissal of his petition for a writ of habeas corpus, which he purported to bring under 28

U.S.C. § 2241. For the following reasons, we will dismiss this appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.

Rivera was convicted in 1992 of various cocaine-related offenses, including continuing a criminal enterprise in violation of 21 U.S.C. § 848, and the District Court sentenced him to life imprisonment. Rivera argued on appeal that the Government had failed to prove the elements of that charge. We rejected that argument, but remanded for resentencing on another issue. See United States v. Quintero, 38 F.3d 1317, 1321 n.2 (3d Cir. 1994). The District Court reduced Rivera's sentence to 36 years imprisonment and Rivera appealed again. He argued, among other things, that our previous ruling on the elements of continuing a criminal enterprise had been called into question by the United States Supreme Court's intervening decision in Richardson v. United States, 526 U.S. 813 (1999). We rejected that argument and affirmed. See United States v. Gonzalez-Rivera, 29 Fed. Appx. 848, 849 (3d Cir. 2002).

Rivera then filed a motion under 28 U.S.C. § 2255 to vacate his conviction and sentence on the grounds that his counsel had rendered ineffective assistance. The District Court denied the motion and, after granting a certificate of appealability, we affirmed that ruling as well. See United States v. Gonzalez-Rivera, 217 Fed. Appx. 166 (3d Cir. 2007). Rivera also filed another habeas petition, purportedly under § 2241, which the District

Court dismissed with prejudice after Rivera did not consent to re-characterize it as a § 2255 motion. Rivera appears not to have appealed that ruling.

Instead, Rivera filed the habeas petition at issue here, again purportedly under § 2241. He argues that he is "actually and factually innocent" of continuing a criminal enterprise, but raises only the very same argument based on Richardson that we rejected on his second direct appeal. By order entered August 4, 2008, and pursuant to United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999), the District Court explained why Rivera's claim could not be brought pursuant to § 2241, sought his consent to re-characterize the petition as a § 2255 motion, and explained that, if he did not consent, the court would dismiss his putative § 2241 petition with prejudice. Rivera refused to consent to the re-characterization and insisted that his claim was properly brought under § 2241. Accordingly, the District Court dismissed his petition. Rivera appeals.[1]

## II.

We have granted Rivera leave to proceed in forma pauperis on appeal, so his appeal is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) if it is "frivolous." An appeal is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v.

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). A certificate of appealability is not required to appeal the denial of Rivera's putative § 2241 petition. See Burkey v. Marberry, – F.3d –, No. 07-4782, 2009 WL 385419, at *2 (3d Cir. Feb. 18, 2009). Our review of the District Court's legal conclusions is plenary. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

Williams, 490 U.S. 319, 325 (1989). Rivera's contention that he should be permitted to proceed under § 2241 lacks any basis whatsoever.

Rivera challenges only the validity of his conviction and sentence for continuing a criminal enterprise. Federal prisoners who challenge the validity (as opposed to the execution) of their sentences must proceed under § 2255, and thus must satisfy the gate-keeping requirements of §§ 2244 and 2255, unless a § 2255 motion would be "inadequate or ineffective" to protect their rights. Cradle, 290 F.3d at 538. That exception is a narrow one, and applies only when "some limitation of scope or procedure" would prevent § 2255 from providing a remedy. Id. Rivera's sole argument in that regard is that a § 2255 proceeding would be inadequate and ineffective because he was denied "appropriate review and relief" on his Richardson claim in his prior § 2255 proceeding. Rivera actually raised this claim on his second direct appeal and not in his prior § 2255 proceeding, but, regardless, this argument is frivolous. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (a "sentencing court's prior denial of identical claims does not render § 2255 remedy 'inadequate or ineffective'"). Accordingly, we will dismiss this appeal.[2]

_____

[2]Rivera does not mention In re Dorsainvil, but that decision does not allow him to proceed under § 2241. In that case, we allowed a prisoner to proceed under § 2241 when, after his first § 2255 petition had been denied, the Supreme Court interpreted the statute of conviction in a way that "decriminalized" the petitioner's conduct. See id. at 252. We reasoned that a § 2255 proceeding was inadequate and ineffective because the Supreme Court's decision was not of constitutional dimension, and the petitioner thus could not bring a second or successive § 2255 motion, but that disallowing any challenge would

4

amount to a miscarriage of justice because the petitioner's conduct no longer constituted a crime.  See id. at 151-52.  In this case, by contrast, Rivera seeks to raise an argument that we already have expressly rejected, so there is no basis for resort to § 2241.