**Jose GONZALEZ–RIVERA, Appellant**

v.

**Ronnie HOLT, Warden and B.O.P.**

**No. 09–3524.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Jan. 13, 2010.

Filed Jan. 21, 2010.

Jose Gonzalez–Rivera, Waymart, PA, for Appellant.

Kate L. Mershimer, Esq., Office of United States Attorney, Harrisburg, PA, U.S. Atty. Scranton, Office of United States Attorney, Scranton, PA, for Ronnie Holt.

Before: SCIRICA, Chief Judge, JORDAN and STAPLETON, Circuit Judges.

PER CURIAM.

Jose Gonzalez–Rivera, a federal prisoner, appeals an order of the United States

lines. *See United States v. Arrelucea–Zamudio*, 581 F.3d 142, 148 (3d Cir.2009).

District Court for the Middle District of Pennsylvania denying his habeas petition filed pursuant to 28 U.S.C. § 2241. We will affirm.

Following a jury trial, Gonzalez–Rivera was convicted in the United States District Court for the Eastern District of Pennsylvania of conspiracy to distribute in excess of five kilograms of cocaine and related charges. In April 1993, he was sentenced to life imprisonment and ordered to pay a special assessment of $250. *See United States v. Quintero*, 38 F.3d 1317, 1320 n. 1 (3d Cir.1994). We upheld Gonzalez–Rivera's conviction, but remanded for resentencing. *Id.* at 1335, 1348. On November 7, 2000, the District Court resentenced Gonzalez–Rivera to 36 years imprisonment and imposed five years of supervised release, a special assessment of $50, and a fine of $750. Gonzalez–Rivera appealed again and we affirmed the sentence and conviction. *See United States v. Gonzalez–Rivera*, 29 Fed.Appx. 848 (3d Cir.2002) (nonprecedential). His efforts to obtain post-conviction relief have been unsuccessful.

In July 2009, Gonzalez–Rivera filed a § 2241 petition in the Middle District, alleging that the Bureau of Prisons ("BOP") improperly withdrew money from his inmate account to pay the fine that was imposed as part of his criminal sentence. He also argued that the sentencing court failed to consider the factors set forth in 18 U.S.C. § 3553(a) and that the Sentencing Guidelines "do not take into account all of the considerations that are now relevant to the ... sentencing decision." The District Court dismissed the petition, concluding

that the BOP had authority to set a payment schedule for criminal fines and that Gonzalez–Rivera could not challenge his conviction under § 2241. Gonzalez–Rivera filed a timely motion for reconsideration, which the District Court denied. This appeal followed.

Gonzalez–Rivera challenges the execution of his sentence by asserting that the BOP "exceeded its authority" in establishing a payment schedule for the fine imposed by the District Court. *See* 18 U.S.C. § 3572(d). This claim falls within the purview of a § 2241 petition. *See Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001); *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir.2002) (stating that inmates' challenges to payment schedules set by BOP "concern the execution of sentence, and are therefore correctly framed as § 2241 claims"). We have jurisdiction pursuant to 28 U.S.C. § 1291.

In support of his claim, Gonzalez–Rivera relied on *United States v. Corley*, 500 F.3d 210, 226–27 (3d Cir.2007), where we held that, under the Mandatory Victims Restitution Act ("MVRA"), a sentencing court impermissibly delegates its authority when it orders immediate payment of restitution with knowledge that the defendant is financially unable to make payment immediately.[1] *Corley* is distinguishable, however, because Gonzalez–Rivera is challenging a fine, not a restitution order.

The MVRA, which was applicable when Gonzalez–Rivera was resentenced in 2000, provides that "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless ... the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d)(1).[2] With

---

**1.** Subsequently, a petition for writ of certiorari was granted and the Supreme Court vacated the judgment on a ground unrelated to the improper delegation issue. *See Corley v. Unit-*

ed States, —— U.S. ——, 129 S.Ct. 1558, 173 L.Ed.2d 443 (2009).

**2.** We recognize that Gonzalez–Rivera's offenses pre-date the MVRA. In *United States v.*

restitution, the MVRA also mandates that the sentencing order include a payment schedule in consideration of the defendant's economic circumstances. *See* 18 U.S.C. § 3664(f)(2). Importantly, there is no analogous requirement for the imposition of fines. According to Gonzalez–Rivera's § 2241 petition, the court at resentencing found that "the defendant has the wherewithal to earn [the $750 fine] in prison work programs, and that [it] is payable immediately." The sentencing court's order for immediate payment of the fine was permissible.[3] *See United States v. Ellis,* 522 F.3d 737, 738–39 (7th Cir.2008) (holding that sentencing court did not improperly delegate its authority when it ordered that fine "[p]ayments are due immediately, ... but may be paid from prison earnings in compliance with the Inmate Financial Responsibility Program.").

For the foregoing reasons, we will affirm the judgment of the District Court.

---

*Edwards,* 162 F.3d 87, 91 (3d Cir.1998), we held that retroactive imposition of restitution under the MVRA violated the Ex Post Facto Clause. No Ex Post Facto violation occurred here, however, because the enactment of § 3572(d)(1) did not increase the punishment for Gonzalez–Rivera's crime.

**3.** We also agree with the District Court that Gonzalez–Rivera's sentencing claims are not cognizable in a § 2241 petition. *See Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002); *In re Dorsainvil,* 119 F.3d 245, 250 (3d Cir.1997).