GLD-388                                                   NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2790
_____

UNITED STATES OF AMERICA

v.

JOSE GONZALEZ-RIVERA,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 92-cr-00055)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 15, 2013

Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed: August 22, 2013)
_____

OPINION
_____

PER CURIAM

Jose Gonzalez-Rivera appeals the denial of his application for writs of error coram nobis and audita querela by the United States District Court for the Eastern District of Pennsylvania. We will summarily affirm the District Court's order.

I.

In 1993, the United States District Court for the Eastern District of Pennsylvania sentenced Gonzalez-Rivera to life imprisonment after he was found guilty of several drug-related offenses. On direct appeal, we affirmed all but one of his convictions and remanded for resentencing. See United States v. Quintero, 38 F.3d 1317, 1347-48 (3d Cir. 1994). On remand, the District Court resentenced him to thirty-six years' of imprisonment. We then affirmed that new sentence. See United States v. Gonzalez-Rivera, 29 F. App'x 848, 849-50 (3d Cir. 2002).

Thereafter, Gonzalez-Rivera filed a 28 U.S.C. § 2255 motion. The District Court denied the motion, holding that his claims were legally frivolous. We granted a certificate of appealability as to one of his claims, but ultimately upheld the District Court's denial of relief. See United States v. Gonzalez-Rivera, 217 F. App'x 166, 167 (3d Cir. 2007). Gonzalez-Rivera then petitioned for a writ of certiorari, which the Supreme Court denied. We have since denied his motion to recall the mandate, as well as his petition for a writ of mandamus, C.A. No. 12-4502.

In May 2013, he filed a pro se petition seeking relief under the All Writs Act, 28 U.S.C. § 1651, specifically the writs of error coram nobis and audita querela [hereinafter "petition"]. He argued that his sentence violates Alleyne v. United States, 133 S. Ct. 2151 (2013), in that the quantity of the drugs was never established in his case beyond a

2

reasonable doubt, nor were all the elements found for a conviction on the continuing criminal enterprise (CCE) charge. Lastly, he claims that his indictment violated the Double Jeopardy Clause of the Fifth Amendment. The District Court denied his petition, and Gonzalez-Rivera now appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a district court's order granting or denying a petition for a writ of coram nobis or audita querela is plenary. See United States v. Gamboa, 608 F.3d 492, 494 (9th Cir. 2010); cf. Grider v. Keystone Health Plan Cent., Inc., 500 F.3d 322, 328 (3d Cir. 2007) (exercising plenary review of injunctions under All Writs Act). If an appeal does not present a substantial question, we may summarily affirm the District Court's decision. See LAR 27.4; I.O.P. 10.6; United States v. Baptiste, 223 F.3d 188, 190 n.3 (3d Cir. 2000) (per curiam).

## III.

It is clear from Gonzalez-Rivera's petition that he is seeking to challenge the validity of his conviction by pointing to alleged errors that took place during trial and the investigation of his case. A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means to collaterally challenge a federal conviction or sentence. Section 2255 is not inadequate or ineffective so as to enable Gonzalez-Rivera to seek relief under the All Writs Act, Baptiste, 223 F.3d at 189-90, merely because he is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion.

The writ of error coram nobis, 28 U.S.C. § 1651(a), is appropriate when a petitioner is no longer in custody but suffers continuing consequences from an unlawful

conviction. Baptiste, 223 F.3d at 189. Similarly, the writ of audita querela survives only to the extent that it fills in gaps in the current system of post-conviction relief. United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001). Gonzalez-Rivera is still in custody and must therefore look to § 2255 as the presumptive means of any relief. Baptiste, 223 F.3d at 189. Furthermore, Gonzalez-Rivera cannot invoke the writ of audita querela because his claims are cognizable under § 2255. See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (holding that the writ of audita querela is unavailable where relief is cognizable under § 2255).

We decline to remand Gonzalez-Rivera's motion for collateral relief to the District Court, as he requests, to be treated as an initial § 2255 motion. Gonzalez-Rivera's first motion pursuant to § 2255 was adjudicated on the merits. Villaneuva v. United States, 346 F.3d 55, 60 (2d Cir. 2003) (noting that a § 2255 motion is considered a prior application for purposes of 28 U.S.C. § 2244(b) only if it was adjudicated on the merits). Consequently, any future attempts to seek collateral relief via § 2255 must be authorized by this Court. 28 U.S.C. § 2255(h); § 2244(B)(3)(A).

## IV.

Accordingly, because this appeal does not present a substantial question, we will affirm the District Court's order denying Gonzalez-Rivera's petition for a writ of coram nobis and audita querela.