**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3899
_____

UNITED STATES OF AMERICA

v.

JOSE GONZALEZ-RIVERA,
a/k/a Tosti, a/k/a Aberto Otero

Jose Gonzalez-Rivera,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-92-cr-00055-001)
District Judge: Honorable Joel H. Slomsky
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 2, 2016

Before:    AMBRO, GREENAWAY, JR., and SLOVITER[1], Circuit Judges

(Opinion filed:  May 3, 2016)
_____

OPINION*
_____

[1] The Honorable Dolores K. Sloviter participated in the decision in this case.  Judge Sloviter assumed inactive status on April 4, 2016 after the submission date, but before the filing of the opinion.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Jose Gonzalez-Rivera appeals from an order of the District Court denying his motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, we will affirm.

Gonzalez-Rivera was convicted following a jury trial in the United States District Court for the Eastern District of Pennsylvania of conspiracy to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846; engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848; possession with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1); and other controlled substances-related crimes. He initially was sentenced to life in prison, the only Guidelines range option. On his first direct appeal we remanded for reconsideration of the sentence. On remand, the District Court determined that Gonzalez-Rivera was responsible for 146 kilograms of cocaine, less than the 150 kilograms found during the initial sentencing hearing. This lowered the base offense level under U.S.S.G. § 2D1.1 to 36, lowered the offense level on the CCE count to 40, and resulted in a total offense level of 42. With a criminal history category of III, the new Guidelines range was 360 months to life in prison. The District Court sentenced Gonzalez-Rivera to a term of imprisonment of 432 months (36 years). He appealed the resentencing, but we affirmed, see United States v. Gonzalez-Rivera, 29 F. App'x 848 (3d Cir. 2002). The United States Supreme Court denied certiorari on June 28, 2002.

Gonzalez-Rivera thereafter moved to vacate his sentence pursuant to 28 U.S.C. § 2255, contending that his trial counsel was ineffective for not pursuing a plea agreement. The District Court denied the motion, refusing to grant an evidentiary hearing. We granted Gonzalez-Rivera a certificate of appealability but then affirmed, see United States v. Gonzalez-Rivera, 217 F. App'x 166 (3d Cir. 2007). After that, Gonzalez-Rivera tried several times, unsuccessfully, to attack his sentence in federal court.

At issue here, on May 7, 2015, Gonzalez-Rivera moved to reduce his sentence pursuant to § 3582(c)(2) and Amendment 782 to the Guidelines. In that motion, he asked the District Court to grant not just the two-level adjustment authorized by the amendment, but also a further reduction consistent with the sentencing factors found in 18 U.S.C. § 3553(a), citing his advanced age, his health issues, and his good conduct in prison. The District Court, in an order entered on October 9, 2015, denied the § 3582(c)(2) motion, concluding that no reduction in the sentence of 432 months was warranted under Amendment 782 and thus that Gonzalez-Rivera's age, health issues and post-sentencing conduct was not relevant.

Gonzalez-Rivera appeals. We find that we have jurisdiction. Because this is a criminal appeal, Gonzalez-Rivera had fourteen days to appeal pursuant to Fed. R. App. P. 4(b)(1)(A)(i). His notice of appeal was untimely filed on November 24, 2015, but Rule 4(b) is a claim-processing rule, Gov't of Virgin Islands v. Martinez, 620 F.3d 321, 328-29 (3d Cir. 2010). In United States v. Muhammud, 701 F.3d 109 (3d Cir. 2012), we held that the Government may object to timeliness "at any point up to and including in its

3

merits brief." Id. at 111. Since the Government incorrectly stated that the appeal was timely filed, see Appellee's Brief, at 1, we conclude that any objection has been forfeited. See Eberhart v. United States, 546 U.S. 12, 19 (2005) (noting that claim-processing rules "assure relief to a party properly raising them" even though they "do not compel the same result if the party forfeits them").[2]

We will affirm. The District Court's ultimate decision to deny a § 3582(c)(2) motion is reviewed for an abuse of discretion, but we review de novo the District Court's interpretation of the Guidelines. See United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). A District Court generally cannot modify a term of imprisonment once it has been imposed. Section 3582(c)(2) provides an exception "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statement instructs that any reduction in sentence is not consistent with the policy statement and therefore is not authorized by 18 U.S.C. § 3582(c)(2) if an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B); United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013).

The District Court correctly denied Gonzalez-Rivera's motion for a reduction of sentence pursuant to § 3582(c)(2) and Amendment 782. A reduction in sentence is not

---

[2] We note that Gonzalez-Rivera filed a motion for reconsideration of the District Court's October 9, 2015 order denying his § 3582(c)(2) motion on December 28, 2015, which the District Court has not yet ruled on. See Docket Entry # 240. We find that this motion did not toll the time for taking an appeal and thus does not deprive us of jurisdiction because it was not timely filed. See Fed. R. App. P. 4(b)(3)(A)(i)-(iii) (motions pursuant to Criminal Rules 29, 33, and 34 must, except when based on newly discovered evidence, be filed within 14 days after court's judgment is rendered).

authorized under 18 U.S.C. § 3582(c)(2) for Gonzalez-Rivera because the amendment does not have the effect of lowering his applicable Guidelines range. Amendment 782, which went into effect on November 1, 2014 and which is retroactive, reduced the offense levels assigned to most drug quantities by two, see U.S.S.G. § 2D1.1 (Drug Quantity Table). As determined by the District Court, Amendment 782 lowered Gonzalez-Rivera's total offense level from 42 to 40, but, with his category III criminal history, his Guidelines range remained 360 months to life, the very same range applied at his resentencing. Here, a reduction in Gonzalez-Rivera's sentence would not be consistent with applicable policy statements issued by the Sentencing Commission. U.S.S.G. § 1B1.10(a)(2)(B).

Gonzalez-Rivera argues that the District Court misconstrued its authority under Dillon v. United States, 560 U.S. 817 (2010), to modify his sentence, and that the District Court should have reconsidered and changed his criminal history category. See Appellant's Informal Brief, at 4. He argues that Amendment 782 has the effect of lowering either his "vertical" applicable Guidelines range *or* his "horizontal" criminal history category. Id. at 5. He bases his argument on ambiguity in § 3582(c)(2) and § 1B1.10, and also cites our decision in Flemming, 723 F.3d 407. See Appellant's Informal Brief, at 5(a). He asks that we remand his case to the District Court with an instruction to lower his criminal history category from III to I based on Amendment 782, and that we instruct the District Court to consider his age, failing health, and good conduct while in prison.

We are not persuaded that either of the cases cited by Gonzalez-Rivera or the alleged ambiguity he discusses supports an argument that the District Court was authorized to lower his criminal history score or take into consideration the factors identified in § 3553(a). The United States Supreme Court held in Dillon that its decision in United States v. Booker, 543 U.S. 220 (2005), which rendered the Guidelines advisory, did not require treating § 1B1.10(b) as nonbinding. The Court stated that, "[c]onsistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution." Dillon, 560 U.S. at 827 (quoting § 1B1.10(b)(2)(A)). In Flemming, 723 F.3d at 412, we held that the "applicable guideline range" under § 1B1.10(a)(2)(B) for a career offender like Flemming was the range calculated pursuant to the career offender designation of § 4B1.1, and not the range calculated after applying any departure or variance.

Neither of these cases compels or even suggests the result sought by Gonzalez-Rivera here. In short, Gonzalez-Rivera is not eligible for a sentence reduction because Amendment 782 does not lower his Guidelines range of 360 months to life in prison, and thus the District Court lacked authority to consider the factors identified in § 3553(a). Furthermore, Amendment 782 does not concern the calculation of a defendant's criminal history score.

For the foregoing reasons, we will affirm the order of the District Court denying Gonzalez-Rivera's motion to modify sentence pursuant to 18 U.S.C. § 3582(c)(2).

6