66 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vincent GAMBOA, Defendant-Appellant.
 No. 93-30347.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 1, 1995.
Decided Sept. 7, 1995.
 
 Before: WRIGHT, BOOCHEVER and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Vincent Gamboa was convicted of distributing and conspiring to distribute cocaine base ("crack" cocaine), in violation of 21 U.S.C. Secs. 841 & 846. He appeals his sentence, alleging that the statutes and applicable sentencing guideline, USSG Sec. 2D1.1, violate equal protection. He also contends his sentence was improperly enhanced by governmental misconduct, and he was denied effective assistance of counsel. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Gamboa recognizes that, in United States v. Harding, 971 F.2d 410 (9th Cir.1992), cert. denied, 113 S.Ct. 1025, we held section 841 and Sec. 2D1.1--which punish offenses involving crack cocaine more severely than offenses involving powder cocaine--do not violate equal protection. See also United States v. Davis, 36 F.3d 1424 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995); United States v. Coleman, 24 F.3d 37, 38-39 (9th Cir.1992), cert. denied, 115 S.Ct. 261 (1994). In Harding, however, we subjected the crack/powder cocaine distinction only to rational basis review. Harding, 971 F.2d at 412. Gamboa contends that here we should review the distinction under the strict standard of review applicable to classifications affecting a suspect class or fundamental right. He argues that the more severe crack penalties have a disparate impact on African-Americans--who are more likely to possess crack cocaine than Whites--and that Congress enacted the crack/powder cocaine sentencing distinction, knowing it would disproportionately affect African-Americans, for the discriminatory purpose of subjecting Blacks to longer prison terms than Whites.
 
 
 4
 Gamboa's argument is foreclosed by our decision in United States v. Dumas, No. 94-30313, slip op. at ---- (9th Cir. Sept. __, 1995). In Dumas, we held that Congress, when it enacted the crack/powder cocaine sentencing distinction, was not motivated by racial animus. Id. at ----. Therefore, the sentencing distinction between crack and powder cocaine, which is racially neutral on its face, is not subject to strict scrutiny. Id.
 
 
 5
 Gamboa next argues the government's confidential informant persuaded him to sell crack cocaine instead of powder cocaine, and this resulted in a substantially harsher sentence. He contends this was "sentencing entrapment," which entitled him to a downward departure.
 
 
 6
 Gamboa never asked the district court for a downward departure based on sentencing entrapment. His sentencing entrapment argument was presented to the district court in the context of his equal protection challenge to the crack/powder cocaine distinction. Gamboa argued before the district court that he was entrapped into selling crack rather than powder cocaine because of his race. The district court properly rejected this argument because Gamboa presented no evidence to support it.
 
 
 7
 Because Gamboa did not specifically request a downward departure based on sentencing entrapment, he must demonstrate that the district court's failure to decrease his offense level on this basis was plain error. United States v. Baker, No. _____, slip op. at ---- (9th Cir. August 21, 1995); United States v. Jones, 18 F.3d 1145, 1152 (4th Cir.1994). It was not.
 
 
 8
 "Sentencing entrapment ... occurs when 'a defendant, although predisposed to commit a minor or lesser offense, is entrapped in[to] committing a greater offense subject to greater punishment.' " United States v. Staufer, 38 F.3d 1103, 1106 (9th Cir.1994) (quoting United States v. Stuart, 923 F.2d 607, 614 (9th Cir.), cert. denied, 499 U.S. 967 (1991)). Gamboa's sentencing entrapment argument is based on the fact that, before making the illicit purchase, the confidential informant asked him whether the cocaine was "hard already" and expressed a preference for "hard" cocaine, meaning crack. In response to the informant's query, however, Gamboa said, "I could do that however you want. How do you prefer?" There is no indication from this exchange that Gamboa intended to sell powder cocaine and was not predisposed to sell crack. It is clear Gamboa was willing to sell the drug in either form.
 
 
 9
 Finally, Gamboa contends his trial counsel was ineffective because he failed to request a downward departure based on the government's alleged sentencing entrapment. Claims of ineffective assistance of counsel may be reviewed on direct appeal if: (1) the record is sufficiently developed to permit review and determination of the issue; or (2) the legal representation was so inadequate that denial of the defendant's Sixth Amendment right to counsel is obvious. United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992). In this case, the record is not sufficiently developed, and there is no obvious denial of Gamboa's Sixth Amendment right to counsel. Therefore, we do not address this claim in this direct appeal.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3