116 F.3d 1487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Vincent GAMBOA, Defendant-Appellant.
 No. 96-35757.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 23, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, Nos. CV-95-05678-JET, CR-93-02090-FDB; Jack E. Tanner, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Vincent Gamboa appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b) motion for reconsideration of its order reclassifying his 18 U.S.C. § 3582(c)(2) motion as a motion pursuant to 28 U.S.C. § 2255. Gamboa was sentenced to 360 months of imprisonment after his jury trial conviction for conspiracy to distribute cocaine base and distribution of cocaine base. We have jurisdiction under 28 U.S.C. §§ 1291 and 2255. We review for abuse of discretion, Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc, 84 F.3d 1186, 1192 (9th Cir.1996), and we affirm in part and vacate and remand in part.
 
 BACKGROUND
 
 3
 In his section 3582(c)(2) motion, Gamboa requested that the district court reduce his sentence through the retroactive application of Amendment 506 of the Sentencing Guidelines. In addition, Gamboa raised several issues regarding the calculation of his sentence; these latter issues did not involve any subsequent changes to the Guidelines. After discovering that the district court had labeled his section 3582 motion as a motion under 28 U.S.C. § 2255, Gamboa filed a motion for clarification in which he objected to the district court's reclassification of his motion. On February 2, 1996, the district court issued an order denying his motion for clarification and denying his original motion, still construing it as one brought under section 2255. On May 15, 1996, Gamboa filed a "Motion Seeking Discovery Pursuant to Federal Rule of Civil Procedure 26(a) and 26(b)(1) to Compel the Disclosure of Documents." In his motion he stated he had objected to the district court's reclassification of his original motion and that he had never received a response to his objection. On June 12, 1996, the district court ordered the discovery motion stricken because the case had been dismissed on February 2, 1996. Gamboa filed a notice of appeal from that order on July 8, 1996.[1]
 
 
 4
 On appeal, Gamboa contends only that the district court erred by construing his section 3582 motion as a motion under 28 U.S.C. § 2255. We agree, see Hamilton v. United States, 67 F.3d 761, 763-64 (9th Cir.1995), and we therefore remand this case to the district court in order for it to amend the judgment to deny relief under 18 U.S.C. § 3582.[2]
 
 
 5
 AFFIRMED in part; VACATED in part and REMANDED. Each party shall bear its own costs.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although Gamboa labeled his motion as one "seeking discovery .... and to compel the disclosure of documents," the basis of the motion was his disagreement with the district court's reclassification of his section 3582 motion. Accordingly, we construe this motion, filed more than ten days after entry of the district court's order, as one filed pursuant to Fed.R.Civ.P. 60(b). See Fed.R.Civ.P. 59(e) and 60(b)
 
 
 [2]
 Gamboa's sentencing claims not involving changes to the guidelines are not cognizable in his section 3582 motion and were therefore not properly before the district court. See 18 U.S.C. § 3582(c)(2)