**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

VINCENT GAMBOA,
*Defendant-Appellant.*

No. 09-30217

D.C. No.
3:93-cr-2090-FDB

OPINION

Appeal from the United States District Court
for the Western District of Washington
Franklin D. Burgess, District Judge, Presiding

Argued and Submitted
February 1, 2010—Seattle, Washington

Filed June 11, 2010

Before: Arthur L. Alarcón, William A. Fletcher, and
Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge Alarcón

## COUNSEL

Jon R. Zulauf, Zulauf & Chambliss, Seattle, Washington, for the defendant-appellant.

Michael S. Morgan, Assistant United States Attorney, Seattle, Washington, for the plaintiff-appellee.

---

**OPINION**

ALARCÓN, Circuit Judge:

Vincent Gamboa appeals from the denial of his petition for a writ of *audita querela*. He contends that the district court erred in determining that a writ of *audita querela* was unavailable to him to challenge his sentence. We affirm because we conclude that the district court did not err in determining that it lacked the authority to consider the merits of his petition for a writ of *audita querela* because the writ presented a claim regarding the legality of his sentence that is cognizable under 28 U.S.C. § 2255. We affirm because we conclude that under the law of this Circuit, a federal prisoner may not challenge his or her sentence pursuant to a petition for a writ of *audita querela* if the requested relief can be obtained under § 2255.

**I**

Gamboa was convicted on April 14, 1993 by a jury for distributing and conspiring to distribute cocaine base. He was sentenced on August 11, 1993 to 360 months imprisonment followed by 10 years of supervised release.

On September 16, 1993, Gamboa filed a direct appeal from the judgment and sentence. In his appeal, Gamboa claimed that the statutes and applicable sentencing guideline, U.S.S.G. § 2D1.1, violated equal protection. He also argued that "his sentence was improperly enhanced by governmental misconduct, and he was denied effective assistance of counsel." We rejected each of Gamboa's contentions. *United States v. Gamboa*, No. 93-30347, 1995 WL 527926, at *1-*2 (9th Cir. Sept. 7, 1995).

On November 29, 1995, Gamboa filed a motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of his sentence. The district court construed it as a motion under 28 U.S.C. § 2255 and denied it. Gamboa filed a motion for clarification on December 18, 1995. The district court denied Gamboa's motion for clarification.

Gamboa appealed from the denial of his motion to this Court. He contended "that the district court erred by construing his [§ ] 3582 motion as a motion under 28 U.S.C. § 2255." *United States v. Gamboa,* No. 96-35757, 1997 WL 345665 (9th Cir. June 23, 1997). We agreed with Gamboa and remanded with instructions that the judgment be amended to deny relief under 18 U.S.C. § 3582. *Id.*

On September 12, 1997, Gamboa filed a motion pursuant to § 2255 in the district court. He argued that his conviction must be set aside due to an improper jury instruction and the ineffective assistance of counsel. The district court denied Gamboa's motion as untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA").[1] The district court also denied a motion for reconsideration, as well as a request for a certificate of appealability. Gamboa's request for a certificate of appealability from this Court was also denied. Gamboa sought leave of this Court to file a successive § 2255 motion on April 16, 1998. He later withdrew his request. Accordingly, we dismissed Gamboa's request without prejudice.

On September 29, 1998, Gamboa filed a petition for a writ of mandamus in this Court. We denied the petition. The Supreme Court denied Gamboa's petition for certiorari. *Gamboa v. U.S. Dist. Court for the W. Dist. of Wash.,* 526 U.S. 1044 (1999).

---

[1]"AEDPA's one-year grace period for challenging convictions finalized before AEDPA's enactment date is governed by [Fed. R. Civ. P.] Rule 6(a) and ended on April 24, 1997 in the absence of statutory tolling." *Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir. 2001).

On September 5, 2001, Gamboa filed a § 2255 motion in this Court. On January 10, 2002, we denied Gamboa's motion on the ground that an initial § 2255 motion must be filed in the district court that imposed the sentence. On October 29, 2002, Gamboa requested leave of the district court to file a § 2255 motion. On November 13, 2002, the district court denied Gamboa's request as untimely.

On July 11, 2005, Gamboa filed another § 2255 motion in the District Court for the Western District of Washington. The district court denied his motion as untimely on January 13, 2006. Gamboa sought reconsideration of the district court's denial of his § 2255 motion. The district court denied Gamboa's motion for reconsideration and refused to issue a certificate of appealability. On December 1, 2006, we denied Gamboa's request for a certificate of appealability because he failed to file a timely notice of appeal.

On October 26, 2007, Gamboa filed a motion in the district court pursuant to Fed. R. Civ. P. 60(b)(6). The district court denied the motion because Gamboa failed to demonstrate extraordinary circumstances that excused the untimely filing of his motion. *Gamboa v. United States,* Nos. C95-5678 (JET) FDB, CR93-2090 (JET) FDB, 2007 WL 3308118 (W.D. Wash. Nov. 6, 2007).

On March 10, 2008, Gamboa filed a motion to recall the mandate issued by this Court following the direct appeal. On April 28, 2008, this Court denied Gamboa's motion. In so doing, we stated that "[n]o motions for reconsideration, rehearing, or stay of the mandate shall be filed or entertained in this court in this closed docket." *United States v. Gamboa*, No. 93-30347 (9th Cir. Apr. 28, 2008) (order denying appellant's motion to recall the mandate).

On April 23, 2009, Gamboa filed a petition for a writ of *audita querela* pursuant to the All Writs Act, 28 U.S.C. § 1651, in the district court seeking to vacate his sentence in

light of the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220 (2005). The district court denied Gamboa's petition on the ground that his "argument present[ed] a claim cognizable under 28 U.S.C. § 2255, and is thus not appropriate for a writ *audita querela.*" *Gamboa v. United States,* No. CR93-2090 (JET) FDB, 2009 WL 1175315 (W.D. Wash. Apr. 29, 2009).

Gamboa filed a timely notice of appeal. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

**II**

Gamboa contends that a district court has the power to issue a writ of *audita querela* upon a showing of extraordinary circumstances. He maintains that he is entitled to a new sentencing hearing because he was sentenced on August 11, 1993 to serve 360 months only because the trial judge was required to do so under the mandatory sentencing provisions of the United States Sentencing Guidelines. Gamboa argues that because the mandatory provisions of the Sentencing Guidelines were not held to be unconstitutional until 2005 in *Booker,* twelve years after he was sentenced, he was precluded from arguing before the trial court that a sentence of 360 months was too severe and extraordinarily harsh. Gamboa also asserts that he could not comply with the requirement that a petition for a writ of habeas corpus be filed within one year of the date his 1993 sentencing became final because "at that time the law was fixed by Supreme Court precedent that upheld the mandatory guidelines." (Appellant's Br. at 11.) He argues that his inability to comply with this timeline requirement constitutes extraordinary circumstances that enable him to relief pursuant to a writ of *audita querela.*

We review *de novo* a district court's order to grant or deny a petition for a writ of *audita querela. United States v. Hovsepian,* 359 F.3d 1144, 1153 (9th Cir. 2004).

### III

The only authority cited by Gamboa in support of his contention that a district court may grant a writ of *audita querela* under these circumstances is *Kessack v. United States,* No. C05-1828Z, 2008 WL 189679 (W.D. Wash. Jan 18, 2008), an unpublished decision of a different district court judge of the United States District Court for the Western District of Washington. In *Kessack*, the district court held that it had the authority to issue a writ of *audita querela* because the petitioner "was precluded from raising '*Booker* issues' at the time of sentencing, at the time of his direct appeal, and at the time he filed his [§ ] 2255 motion, by United States Supreme Court decisions that precluded challenges to the validity of the Federal Sentencing Guidelines." *Id.* at *3.

**[1]** Gamboa's reliance on *Kessack* is misplaced. It is contrary to the law of this Circuit. *In Carrington v. United States,* 503 F.3d 888, 889 (9th Cir. 2007), we rejected a prisoner's claim that he was entitled to resentencing because he had been sentenced prior to *Booker* under the existing mandatory provisions of the Sentencing Guidelines. We reasoned as follows:

> Petitioners argue that there *is* a gap in post-conviction relief. They contend that the numerical limits on filing habeas petitions preclude them from raising a claim based on *Booker* through a § 2255 habeas petition. *See* 28 U.S.C. §§ 2255, 2244(b)(3). We have previously held, however, that the statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs. *See* [*United States v.*] *Valdez-Pacheco,* 237 F.3d [1077,] 1080 [(9th Cir. 2001)]. Moreover, even if petitioners had been granted permission to file second or successive habeas petitions under 28 U.S.C. § 2244(b)(3), we have held that *Booker* does not apply to cases on collateral review. *See United States*

*v. Cruz,* 423 F.3d 1119, 1121 (9th Cir. 2005) (per curiam). Therefore, petitioners are not entitled to relief on collateral review, however it is labeled.

*Id.* at 890. Accordingly, we conclude that the district court did not err in denying Gamboa's petition for a writ of *audita querela.*

**AFFIRMED.**