**DLD-101**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3969
_____

UNITED STATES OF AMERICA

v.

JAMES FRANCIS LEINENBACH,
                                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-93-cr-00280-001)
District Judge:  Honorable Eduardo Robreno

_____

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 28, 2011
Before:  BARRY, FISHER and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 7, 2011)
_____

OPINION
_____

PER CURIAM

        James Leinenbach appeals from an order of the District Court denying his petition

for a writ of audita querela.  For the following reasons, we will summarily affirm.

        Following his 1994 jury trial in the Eastern District of Pennsylvania, appellant

Leinenbach was found guilty of charges relating to the manufacture and distribution of

methamphetamine. After an unsuccessful direct appeal, see United States v. Leinenbach, 70 F.3d 1258 (3d Cir. 1995), cert denied, 519 U.S. 807 (1996), Leinenbach commenced a series of collateral attacks on his conviction, including a motion under 28 U.S.C. § 2255, a motion under 18 U.S.C. § 3582(c)(2), a second § 2255 motion, and a motion pursuant to Fed. R. Civ. P. 60(b).

Leinenbach filed the instant "Petition for Writ of Audita Querela, Pursuant to 'All Writs Act' of 28 U.S.C. § 1651" [hereinafter "Petition"] on December 30, 2009. In the petition, Leinenbach argued that "[i]n light of an intervening interpretation of [the relevant criminal statute, he was] entitled to review via the writ of audita querela to assess the propriety of the sentenced imposed under the previous (and erroneous) construction of the statute." Petition 5. In essence, he claimed that because the way drug quantities are determined and considered under 21 U.S.C. § 841 has changed since his conviction, his sentence is "erroneous" under the statute. Moreover, since a "judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision giving rise to that construction," Petition 13 (misquoting Rivers v. Roadway Express, 511 U.S. 298, 302 (1994)), he is not barred from seeking relief by Teague v. Lane, 489 U.S. 288 (1989).

The District Court denied the motion. It first examined the ambit of the writ of audita querela, observing that "if a 'statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" Leinenbach v. United States, No. 93-cr-280, 2010 U.S. Dist. LEXIS 83172, at *5 (E.D. Pa. Aug. 13,

2

2010) (quoting Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985); Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009)). As Leinenbach sought vacatur of his sentence, "precisely the type of relief afforded by a petition under 28 U.S.C. § 2255," this "specific avenue by which a defendant could attack the legality of a sentence" prevented the use of audita querela. Id. at *8–9. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a District Court's order granting or denying a petition for a writ of audita querela is plenary. See United States v. Gamboa, 608 F.3d 492, 494 (9th Cir. 2010); cf. Grider v. Keystone Health Plan Cent., Inc., 500 F.3d 322, 328 (3d Cir. 2007) (conducting plenary review of injunctions under All Writs Act); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (conducting plenary review of § 2241 petitions). If an appeal does not present a substantial question, we may summarily affirm the District Court's decision. See LAR 27.4; I.O.P. 10.6; United States v. Baptiste, 223 F.3d 188, 190 n.3 (3d Cir. 2000).

We are in full accord with the District Court. As we observed in Massey v. United States, 581 F.3d 172 (3d Cir. 2009), the All Writs Act provides only residual authority; when specific statutory grants such as § 2255 provide an avenue for relief, the narrower procedure controls. See Massey, 581 F.3d at 174. Leinenbach "may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996." Id. Should he wish to proceed with his collateral attack on the legality of his federal conviction and

3

sentence, he must do so under 28 U.S.C. § 2255—which, we observe, would require that he obtain from this Court "an order authorizing the district court to consider the application." See 28 U.S.C. § 2244(b)(3)(A).

Because this appeal does not present a substantial question, we will summarily affirm the judgment of the District Court.