FILED

AUG 05 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30305 |
| Plaintiff - Appellee, | D.C. No. 1:00-cr-00033-BLW |
| v. | |
| MARTIN CHAVEZ-CUEVAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted August 2, 2011[**]

Before:     RYMER, IKUTA, and N.R. SMITH, Circuit Judges.

Federal prisoner Martin Chavez-Cuevas appeals pro se from the district

court's denial of his petition for a writ of audita querela pursuant to 28 U.S.C.

§ 1651.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Chavez-Cuevas contends that the district court erred in concluding that a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

writ of audita querela was unavailable to him. He argues that the writ is available here because it is the only means for him to obtain the relief to which he claims he is entitled under *United States v. Booker*, 543 U.S. 220 (2005).

"[A] federal prisoner may not challenge his or her sentence pursuant to a petition for a writ of *audita querela* if the requested relief can be obtained under [28 U.S.C.] § 2255." *United States v. Gamboa*, 608 F.3d 492, 492 (9th Cir. 2010). Because Chavez-Cuevas's challenge to the legality of his sentence is cognizable under section 2255, the instant petition was properly denied.

The fact that a section 2255 motion may have been untimely does not make the writ of audita querela available to Chavez-Cuevas. *See United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) (per curiam) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs."). Likewise, any impediment to seeking section 2255 relief caused by the timing of the *Booker* decision is insufficient grounds to invoke the writ. *See Gamboa*, 608 F.3d at 494-95. In any event, *Booker* was decided before Chavez-Cuevas's conviction became final, and he was permitted to seek resentencing pursuant to that decision.

**AFFIRMED.**