**DLD-300**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3065
_____

UNITED STATES OF AMERICA,

v.

EDWIN RODRIGUEZ,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 94-cr-00192)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
September 29, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, Circuit Judges

(Filed: October 5, 2011)
_____

OPINION
_____

PER CURIAM

Edwin Rodriguez, a pro se inmate, appeals the order of the District Court denying

his petition for a writ of audita querela.  Because we conclude that this appeal presents no

substantial question, we will summarily affirm.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

Following a 1996 jury trial in the United States District Court for the Eastern District of Pennsylvania, Edwin Rodriguez was convicted of conspiracy to distribute cocaine and was sentenced as a career offender to 360 months in prison. This Court affirmed. See United States v. Rodriguez, 168 F.3d 480 (Table) (3d Cir. 1998) (No. 97-1937). Rodriguez then filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the District Court denied after conducting an evidentiary hearing. We denied his request for a certificate of appealability. (C.A. No. 01-3908.)

Rodriguez has filed several additional post-conviction motions, including two applications pursuant to 28 U.S.C. § 2244 to file a successive § 2255 motion, all of which have been unsuccessful. On December 14, 2010, he filed a petition for a writ of audita querela under the All Writs Act, 28 U.S.C. § 1651, in the District Court, claiming that he was entitled to resentencing under United States v. Booker, 543 U.S. 220 (2005). The District Court denied the motion on July 12, 2011. Rodriguez filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. Our review of a district court's order granting or denying a petition for a writ of audita querela is plenary. See United States v. Gamboa, 608 F.3d 492, 494 (9th Cir. 2010); cf. Grider v. Keystone Health Plan Cent., Inc., 500 F.3d 322, 328 (3d Cir. 2007) (exercising plenary review of injunctions under All Writs Act).

2

We agree with the District Court's conclusion that Rodriguez may not seek sentencing relief though a petition for a writ of audita querela. "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (internal quotation omitted). A motion pursuant to 28 U.S.C. § 2255 is the proper avenue to challenge his sentence. Id. We note that Rodriguez has already filed one such motion, which was unsuccessful, as well as two unsuccessful applications pursuant to 28 U.S.C. § 2244 for authorization to file a successive § 2255 motion. Nevertheless, Rodriguez "may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996." Id.

Because the appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.