**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-7017

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

ERIC ARTHUR WALTON,

             Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., Senior District Judge.  (5:94-cr-00021-FPS-JSK-1)

Submitted:  November 26, 2014        Decided:  December 16, 2014

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Eric Arthur Walton, Appellant Pro Se. Paul Thomas Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Arthur Walton appeals the district court's order adopting the magistrate judge's recommendation to deny Walton's motion seeking relief from his criminal judgment pursuant to 28 U.S.C. § 2255 (2012), or in the alternative, for a writ of audita querela pursuant to 28 U.S.C. § 1651(a) (2012). He also appeals the district court's order denying his post-judgment motion for correction of clerical error.

Having reviewed the record, we find no reversible error in the portion of the court's order denying a writ of audita querela. See United States v. Gamboa, 608 F.3d 492, 495 (9th Cir. 2010); Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009). Additionally, we find no abuse of discretion in the denial of relief from the court's judgment under Fed. R. Crim. P. 36 and Fed. R. Civ. P. 60(a), as the purported clerical errors identified by Walton have no substantive impact on the court's judgment and are therefore harmless. See Pfizer Inc. v. Uprichard, 422 F.3d 124, 129 (3d Cir. 2005) (stating standard of review). We therefore affirm the district court's orders on these issues.

The portion of the district court's order dismissing Walton's motion in part as an unauthorized, successive § 2255 motion is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C.

2

§ 2253(c)(1)(B) (2012); see Jones v. Braxton, 392 F.3d 683, 688 (4th Cir. 2004) (holding that certificate of appealability is required to appeal from dismissal of habeas petition as unauthorized and successive). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Walton has not made the requisite showing. We therefore deny Walton's motion for a certificate of appealability and dismiss the appeal of this issue.

Finally, we construe Walton's notice of appeal and appellate pleadings as an application to file a second or successive § 2255 motion. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization

3

to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h) (2012). Walton's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We affirm the district court's orders in part and dismiss the appeal in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4