**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR RODRIGO SOTO, | No. 14-55270 |
| Petitioner - Appellant, | D.C. Nos. 8:13-cv-01167-R |
| v. | 8:89-cr-00031-R-1 |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding.

Submitted May 13, 2015[**]

Before:    LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Hector Rodrigo Soto appeals pro se from the district court's denial of his

"Petition for Common Law Writ of Audita Querela, Prohibition, Mandamus,

Coram Nobis/Vobis, for Bail on Petitioner's own Recognizance [without surety]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2). Soto's request for oral argument is denied.

and for Other Extraordinary Relief by a Person in Federal Custody as May be Required as a Matter of Law." We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *United States v. Gamboa*, 608 F.3d 492, 494 (9th Cir. 2010) (reviewing de novo the denial of audita querela); *Matus-Leva v. United States*, 287 F.3d 758, 760 (9th Cir. 2002) (reviewing de novo the denial of coram nobis); *Independence Min. Co., Inc. v. Babitt*, 105 F.3d 502, 505 (9th Cir. 1997) (whether the elements of the mandamus test are satisfied is a question of law reviewed de novo); *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (reviewing de novo the denial of habeas). We may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court did not err in concluding that Soto is not a United States citizen where he alleged he did not take an oath of citizenship due to confinement to a military base while in the United States Air Force. *See* 8 U.S.C. § 1448(a) (requiring the taking of an oath of allegiance prior to being admitted to citizenship), *see also Reyes-Alcaraz v. Ashcroft*, 363 F.3d 937, 939-940 (9th Cir. 2004) (service in the military, and the taking of a military oath, does not automatically confer citizenship status on an alien).

The district court did not err in concluding that Soto's claim of ineffective assistance of counsel fails. Soto cannot show prejudice from the alleged

ineffective assistance, because he is not a citizen. *See Strickland v. Washington*, 466 U.S. 668, 692 (1984) (requiring prejudice for a showing of ineffective assistance of counsel in the criminal context); *Iturribarria v. INS*, 321 F.3d 889, 899-900 (9th Cir. 2003) (requiring prejudice for a showing of ineffective assistance in the immigration context). Even considering his claim of derivative citizenship, this claim fails because he was not under age 16 in 1976, when he contends his parents naturalized. *See* INA § 321 (1976) (requiring a child born outside the United States of alien parents to be under the age of 16 when both parents naturalize, in order to automatically acquire citizenship), *see also Minasyan v. Gonzales*, 401 F.3d 1069, 1075 (9th Cir. 2005) (the court analyzes a derivative citizenship claim under the provision in effect at the time the parent naturalized). Soto's request for remand to the district court for an evidentiary hearing concerning his claim to citizenship is therefore denied.

We lack jurisdiction to consider Soto's challenge to the immigration detainer as unlawfully preventing his release from Bureau of Prisons custody to a halfway house, as he is no longer in Bureau of Prisons custody and is now in immigration detention, making this claim moot. *See NASD Dispute Resolution, Inc. v. Judicial Council of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007) (a claim is moot on appeal "if no live controversy remains at the time the court of appeals hears the case . . . the

14-55270

test for whether such a controversy exists is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor" (internal citations and quotation marks omitted)). Our denial of his habeas challenge to the detainer as moot is without prejudice to the filing of a new petition in district court seeking any relief related to his immigration detention.

To the extent Soto sets forth a request in his opening brief for the appointment of counsel in proceedings before this court or the district court, we deny that request.

Soto's August 21, 2014, emergency motion for a stay of removal is denied without prejudice to filing in the appropriate jurisdiction a timely petition for review of a final order of removal and seeking a stay of removal in connection with that petition for review.

**AFFIRMED.**