**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2114
_____

UNITED STATES OF AMERICA

v.

EDWIN RODRIGUEZ
a/k/a Cutin

Edwin Rodriguez,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. 2-94-cr-00192-010)
District Court Judge: Honorable Lawrence F. Stengel

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
September 17, 2015
Before: AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: September 23, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Edwin Rodriguez, a pro se inmate, appeals the District Court's order denying his petition for a writ of audita querela. This appeal presents no substantial question, and we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Rodriguez was convicted in the United States District Court for the Eastern District of Pennsylvania of conspiracy to distribute cocaine. The District Court sentenced him as a career offender to 360 months in prison. This Court affirmed. See United States v. Rodriguez, 168 F.3d 480 (Table) (3d Cir. 1998) (No. 97-1937). Rodriguez then filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the District Court denied after conducting an evidentiary hearing. We denied his request for a certificate of appealability.

Rodriguez has since filed two unsuccessful applications pursuant to 28 U.S.C. § 2244 to file a successive § 2255 motion. In 2010, he filed a petition for a writ of audita querela under the All Writs Act, 28 U.S.C. § 1651, in the District Court, claiming that he was entitled to resentencing under United States v. Booker, 543 U.S. 220 (2005). The District Court denied the motion, and we summarily affirmed. United States v. Rodriguez, 446 F. App'x 439 (3d Cir. 2011) (per curiam). On April 2, 2015, Rodriguez filed in the District Court a second petition for a writ of audita querela under the All Writs Act, 28 U.S.C. § 1651, claiming that he was entitled to resentencing under Begay v. United States, 553 U.S. 137 (2008). The District Court denied the petition, concluding

2

that Rodriguez cannot seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the statutory requirements for filing a second or successive § 2255 motion. He appeals.

We have jurisdiction under 28 U.S.C. § 1291. Our review of a district court's order granting or denying a petition for a writ of audita querela is plenary. See United States v. Gamboa, 608 F.3d 492, 494 (9th Cir. 2010); cf. Grider v. Keystone Health Plan Cent., Inc., 500 F.3d 322, 328 (3d Cir. 2007) (exercising plenary review of injunctions under All Writs Act).

The District Court properly denied Rodriguez's petition for a writ of audita querela. "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (internal quotation omitted). A § 2255 motion is the proper avenue for Rodriguez to challenge his sentence. Id. Although he has filed two unsuccessful applications to file a successive § 2255 motion, Rodriguez "may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996." Id.

Because the appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.