**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charlette Dufray JOHNSON,**
**a/k/a Charlotte Johnson,**
**Defendant-Appellant.**

No. 17-7069

United States Court of Appeals,
Fourth Circuit.

Submitted: October 17, 2017

Decided: October 20, 2017

Charlette Dufray Johnson, Appellant Pro Se. Jason Harris Cowley, Seth Morgan Wood, Assistant United States Attorneys, Susan Beth Menzer, Gaston Williams, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Before FLOYD and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charlette Dufray Johnson appeals the district court's order construing her petition for relief under Fed. R. Civ. P. 60(b)(4) and the All Writs Act, 28 U.S.C. § 1651 (2012), as an unauthorized, successive 28 U.S.C. § 2255 (2012) motion and dismissing it without prejudice for lack of jurisdiction. A certificate of appealability is not required to address the district court's jurisdictional dismissal of Johnson's petition as a successive § 2255 motion. *See United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).

We conclude the district court properly construed Johnson's request for Rule 60(b) relief as a successive § 2255 motion over which it lacked jurisdiction. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). We also find no reversible error in the district court's conclusion that it lacked authority to grant relief under the All Writs Act. *See United States v. Basham*, 789 F.3d 358, 379 (4th Cir. 2015) (acknowledging this court's authority to affirm on any basis apparent from record); *United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012) (discussing requirements for coram nobis relief); *United States v. Gamboa*, 608 F.3d 492, 495 (9th Cir. 2010) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs." (internal quotation marks omitted)); *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009) (recognizing same). Accordingly, we affirm the district court's order.

Additionally, we construe Johnson's notice of appeal and informal brief as an

application to file a second or successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

(1) newly discovered evidence that ... would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Johnson's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*