**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7003**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RYAN CRAIG BROWN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, District Judge. (4:08-cr-00184-RBH-1; 4:15-cv-04008-RBH)

Submitted: November 15, 2018                    Decided: November 20, 2018

Before MOTZ and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Ryan Craig Brown, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ryan Craig Brown appeals the district court's orders construing his motion seeking relief under the All Writs Act, 28 U.S.C. § 1651 (2012), as well as his subsequent Fed. R. Civ. P. 60(b)(6) motion, as unauthorized, successive 28 U.S.C. § 2255 (2012) motions and dismissing them without prejudice for lack of jurisdiction. Brown also challenges the district court's denial of his self-styled motion for reconsideration of the district court's dismissal order. A certificate of appealability is not required to address the district court's jurisdictional dismissal of Brown's post-conviction motions as successive § 2255 motions, but is required to address the court's denial of Brown's motion for reconsideration. *See United States v. McRae*, 793 F.3d 392, 400-01 (4th Cir. 2015).

We conclude that the district court properly construed Johnson's request for Rule 60(b) relief as a successive § 2255 motion over which it lacked jurisdiction. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). We also find no reversible error in the district court's conclusion that it lacked authority to grant relief under the All Writs Act. *See United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012) (discussing requirements for coram nobis relief); *United States v. Gamboa*, 608 F.3d 492, 495 (9th Cir. 2010) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs." (internal quotation marks omitted)). Finally, we agree with the district court that Brown's self-styled motion for reconsideration failed to set forth any defect in the integrity of his federal habeas proceedings. *See McRae*, 793 F.3d at 399 ("Since a Rule

2

60(b) motion alleges illegality in the conduct of a proceeding, considering the merits of such a motion is, in and of itself, developing a nexus to the actual habeas proceeding itself, and thus to the merits of that proceeding."). Accordingly, we affirm in part and deny a certificate of appealability and dismiss in part.

Additionally, we construe Brown's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Brown's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*