**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-7991**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PATRICE BEHANZIN WILSON, a/k/a K-Mel,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Clinton. W. Earl Britt, Senior District Judge. (7:96-cr-00034-BR-1; 7:13-cv-00165-BR)

Submitted: December 31, 2018                    Decided: February 19, 2019

Before GREGORY, Chief Judge, MOTZ and KING, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Patrice Behanzin Wilson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrice Behanzin Wilson seeks to appeal the district court's orders dismissing his "Motion to vacate, set aside or correct sentence pursuant to 28 [U.S.C.] § 2255(f)(3); alternative petition for relief pursuant to 28 [U.S.C.] § 2241 and, or; alternative petition for a writ of audita querela pursuant to 28 [U.S.C.] § 1651" and his subsequent Fed. R. Civ. P. 60(b) motion as successive and unauthorized 28 U.S.C. § 2255 (2012) motions, and dismissing the motions on that basis.* To the extent Wilson seeks to appeal the denial of § 2255 relief, the orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Wilson has not

---

* This appeal was placed in abeyance for *Lester v. Flournoy*, 909 F.3d 708 (4th Cir. 2018).

made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

To the extent Wilson appeals the denial of relief under 28 U.S.C. § 2241 (2012) and 28 U.S.C. § 1651 (2012), we affirm. Because 28 U.S.C. § 2255 is not inadequate or ineffective to test the legality of Wilson's sentence, Wilson may not subvert the limitations on successive habeas petitions by raising his sentencing arguments in a § 2241 petition. *See United States v. Wheeler*, 886 F.3d 415, 428-29 (4th Cir. 2018) (setting forth test to apply to prisoners' § 2241 challenges to sentences), *pet. for cert. filed*, 87 U.S.L.W. 3152 (U.S. Oct. 3, 2018) (No. 18-420). Similarly, Wilson cannot proceed under 28 U.S.C. § 1651 simply because his claim is procedurally barred by restrictions on successive collateral attacks. "[T]he statutory limits on . . . successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs." *United States v. Gamboa*, 608 F.3d 492, 495 (9th Cir. 2010).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

3