BLD-032                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2558
_____

UNITED STATES OF AMERICA

v.

RAHEEM SLONE,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:16-cr-00400-001)
District Judge:  Honorable Mark A. Kearney
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
November 14, 2024

Before: SHWARTZ, MATEY, and CHUNG, Circuit Judges

(Opinion filed: December 9, 2024)
_____

OPINION[*]
_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Federal prisoner Raheem Slone appeals pro se from the District Court's decisions denying (1) his petition seeking a writ of error coram nobis or a writ of audita querela, and (2) his related motion for reconsideration. We will summarily affirm.

I.

In 2017, Slone pleaded guilty in the District Court to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Dist. Ct. Dkt. No. 62, at 43. The District Court determined that Slone was subject to a 15-year mandatory minimum prison sentence under the Armed Career Criminal Act. Dist. Ct. Dkt. No. 64, at 29. The District Court imposed that sentence, Dist. Ct. Dkt. No. 56, and we affirmed that judgment. See United States v. Slone, 749 F. App'x 114, 115 (3d Cir. 2018). Thereafter, Slone moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Dist. Ct. Dkt. No. 70. The District Court denied that motion, Dist. Ct. Dkt. No. 77, and we denied a certificate of appealability. See C.A. No. 19-3982. Later, he moved the District Court to reopen his § 2255 case. Dist. Ct. Dkt. No. 117. The District Court construed the motion to reopen as an unauthorized second or successive § 2255 motion and transferred it to us to be treated as an application for authorization under 28 U.S.C. §§ 2244 and 2255(h). Dist. Ct. Dkt. No. 120. We subsequently denied that application. See C.A. No. 23-2099.

Undeterred, Slone returned to the District Court, filing a petition attacking his conviction and seeking either a writ of error coram nobis or a writ of audita querela. Dist. Ct. Dkt. No. 123. On June 21, 2024, the District Court denied that petition for lack

of jurisdiction, explaining that neither writ was available to Slone. Dist. Ct. Dkt. No. 125. He moved for reconsideration, Dist. Ct. Dkt. No. 127, but the District Court denied that motion on July 29, 2024. Dist. Ct. Dkt. Nos. 128-29. He then filed this appeal, challenging both the June 21 and July 29 orders. Dist. Ct. Dkt. No. 130.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's June 21 order is de novo. See United States v. De Castro, 49 F.4th 836, 842 (3d Cir. 2022) (indicating that legal conclusions undergirding district court's denial of coram-nobis relief are reviewed de novo); United States v. Gamboa, 608 F.3d 492, 494 (9th Cir. 2010) (explaining that a district court's denial of a writ of audita querela is reviewed de novo); United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam) (same as Gamboa). As for the District Court's July 29 order, we review its denial of reconsideration for abuse of discretion. See Walker v. Coffey, 905 F.3d 138, 143 (3d Cir. 2018).

We see no reason to disturb either of the District Court's decisions. As the District Court explained, Slone cannot pursue a writ of error coram nobis because he is still serving his prison sentence. See Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003) (per curiam) (explaining that "*coram nobis* is not available when a petitioner is in custody"). Nor can he pursue a writ of audita querela. See Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam) (stating that a § 2255 motion "is the means to collaterally challenge a federal conviction or sentence," and that "[petitioner] may not

3

seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements . . . for filing a second or successive § 2255 motion"). And given the unavailability of those two writs, there was no reason for the District Court to grant Slone's motion for reconsideration. See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (explaining that reconsideration is warranted only if the movant shows that (1) there has been "an intervening change in the controlling law," (2) there is new evidence that bears on the district court's underlying decision, or (3) there is a "need to correct a clear error of law or fact or to prevent manifest injustice").

Because this appeal does not present a substantial question,[1] we will summarily affirm the District Court's decisions. See 3d Cir. I.O.P. 10.6.

---

[1] To the extent that Slone's petition mentioned Federal Rule of Criminal Procedure 12, that rule cannot be used as an alternative vehicle for collaterally attacking his conviction. See generally Massey, 581 F.3d at 174 (stating that a § 2255 motion "is the means to collaterally challenge a federal conviction or sentence").